UNITED STATES DISTRICT CORT FOR
THE DISTRICT OF RHODE ISLAND

CA NO 05 113 T

ROBERTO PIZZARO
vs.
Ashabel T.WALL, Director of the
Department of corrections
Walt Whitman, Warden Maximum security
James Vierra,Deputy Warden,Maximum security
Jake Gadsden, Assistant,Director
Robert Catlow,chief special,
Investigations Unit(S.I.U.)
Lynda Rose,Investigations,(S.I.U.)
Lieutenant officer, oden
counselor.vicki Gillerin
officer.ANDREWS

Also
Jane and John Doe, ET., AL.
Defendants

CIVIL RIGHTS COMPLAINT

This is a Civil action filed pursuant to 42 u.s.c.A. section 1983 by the plaintiff, Mr. ROBERTO PIZZARO an Inmate at the Adult correctional Institution,in cranston,Rhode Island,alledging Violations of his constitutional Rights by the named Defendants. The plaintiff is seeking Declaratory Judgement,compensatory and punitive Damages, and Injunctive Relief.the plaintiff seeks A Trial by Jury.

JURISDICTION

1.This is a civil Rights Action pursuant to 42 U.S.C.A. section 1983. This court has Jurisdiction under 28 U.S.C.A. 1331 and 1343 (3).



(1)

The Plaintiff also invokes the pendant jurisdiction of this Court to decide and hear matters relating to State Law, as well as claims relating to Policies and practices of the Rhode Island Department of Corrections.

PARTIES

1. The Plaintiff ROBERTO PIZZARO is an incarcerated inmate at the Adult Correctional Facility in Cranston, Rhode Island. he is presently housed and classified to the Maximum Security Building.

2. Defendant, Mr.Wall, is the Director of the [R.I.D.O.C.] Facility located in Cranston, Rhode Island. he is being sued in both an Individual and Official capacity.

3. Defendant, Mr. Whitman, is the Warden of the [R.I.D.O.C.] Facility Maximum Security located in Cranston, Rhode Island. He is being sued in both an Individual and Official capacity.

4. Defendant, Mr. vierra, is the Deputy Warden of the [R.I.D.O.C.] Facility Maximum Security located in Cranston, Rhode Island. He is being sued in both an Individual and Official Capacity.

5. Defendant, Mr Gadsden, is the Assistant Director of the [R.I.D.O.C.] Facility located in Cranston, Rhode Island. He is being sued in both an Individual and Official Capacity.

6. Defendant, Mr. Catlow, is the Chief of [S.I.U.] at the [R.I.D.O.C.] Facility located in Cranston, Rhode Island. He is being sued in both an Individual and Official Capacity.

7. Defendant, Miss Rose, is a Investigator for [S.I.U.] at the [R.I.D.O.C.] Facility located in Cranston, Rhode Island. She is being sued in both an Individual and Official Capacity.

8. Defendant, Mr. Oden is a Lieutenant [C/O] at the [R.I.D.O.C.] Facility located in Cranston, Rhode Island. He is being sued in both an Individual and Official Capacity.

9. Defendant, Miss vicki , is a Counselor at the [R.I.D.O.C.] Facility located in Cranston, Rhode Island. She is being sued in both an Individual and Official Capacity.

10. Defendant, Mr.ANDREWS, is a Officer [C/O] at the [R.I.D.O.C.] Facility located in Cranston, Rhode Island. He is being sued in both an Individual and Official Capacity.

11. Defendants, Jane and John Doe, under I-99, are any and all Defendants who at this time are unnamed, Plaintiff reserve the right to name these defendants at a latter date and time. These Defendants will also be sued in their Official and Individual Capacity.

12. All the defendants have acted, and continue to act under color of State Law at all times relevant to this complaint.

## FACTS

1. On March 5, 2003 Plaintiff was called to the Rear hall, also at that time K-9 Officer and dog searched plaintiff's cell, in search of drug's Note:"nothing was found."

2. On March 6, 2003 Plaintiff was called to the rear hall by [S.I.U.] Investigator Lynda Rose ["Rose"] placed plaintiff in Segragation.

3. On March 10, 2003 Lieutenant ["Bert"] read plaintiff a booking for [Possing "Ecstasy"] Note: Date of infraction ["Numerous"].

4. On March 11, 2003 Lieutenant [ oden ], Counselor [ vicki ], C/O [ ANDREWS ] and Investigator ["Rose"] gave plaintiff 30 days Seg, 30 days loss of good time, 30 days loss of visits and downgrade.

5. On April 7, 2003 Plaintiff went to Classification and received 90 days [B] status.

6. On July 7, 2003 Plaintiff Completed [B] status.

## CLAIMS

1. The actions of defendants, defined under "Facts" paragraphs [1] thru [6] Violated Plaintiff's Fourteenth and Eight Amendment Right to the United States Constitution in having plaintiff segregated and disciplined for a situation in which plaintiff had no knowledge of.

2. The actions of defendants defined und "Facts" paragraphs [1] thru [6] Violated Plaintiff's Fourteenth A ndment right to fairness in a investigation and fair treatment in hearing.

## RELIEF REQUESTED

Wherefore, Plaintiff request that the court grant the following relief:

A Issue a declaratory judgement stating that:

1. Defendant, ["Rose"] placing plaintiff in segregation for something plaintiff had no knowledge of violated plaintiff's Fourteenth Amendment Right and was violative of plaintiff's Eight Amendment Right to the United States Constitution.

2. Defendant's [oden ],[vicki ],[ANDREWS ],and ["Rose"] actions in conducting the disciplinary hearing violated plaintiffs rights under the Due Process Clause of the Fourteenth Amendment Right and the finding of plaintiff guilty without any evidence or breaking any rules constitutes cruel and unusual treatment and punishment in violation of plaintiff's Eight Amendment Right to the United States Constitution.

3. Defendants [oden ],[ vicki ],[ANDREWS ] and ["Rose"] taking of plaintiff's good-time and the finding of him guilty created an liberty interest and defendants Whitman's action sustaining is violated plaintiff's Fourteenth Amendment Right to the United States Constitution.

4. Defendant ["Whitman"] actions in failure to treat the plaintiff with fairness in his administrative duties violated plaintiffs Fourteenth Amendment Right and Constituted deliberate indifference in violation of plaintiff's Eight Amendment Right to the United States Constitution.

5. Defendant ["Gadsden"] action in failure to treat the plaintiff with fairness in his administrative duties violated plaintiff's Fourteenth Amendment Right and Constituted deliberate indifference in violation of plaintiff's Eight Amendment Right to the United States Constitution.

6. Defendant, ["Catlow"] action in failure to treat the plaintiff with fairness in his administrative duties violated plaintiff's Fourteenth Amendment Right and Constituted deliberate indifference in violation of plaintiff's Eight Amendment Right to the United States Constitution.

B. Issue an injunction ordering ["Whitman"] or his agent to:

1. Expunge the disciplinary infraction from plaintiff file.

2. Immediately arrange for the restoration of plaintiff good-time and that which he would have earned.

3. Immediate restoration of plaintiff job and lost wages.

4. Issue an injunction against all defendants from harrassing the plaintiff.

C. Award Compensatory damages in the following amounts:

1. $50.000 agent defendant ["Wall"] for the physical and emotional torture to plaintiff by defendant's.

2. $30.000 jointly and severally against defendants [oden ] [ vicki ], ['ANDREWS ], and [ ROSE ] for deliberately violating the plaintiff's rights with unfairness.

3. $50.000 Against defendant ["Whitman"] for sustaining and covering up his co-workers wrong-doing with deliberate indifference to plaintiff's right.

4. $50.000 Against defendant ["Gadsden"] for sustaining and covering up his co-workers wrong-doing with deliberate indifference to plaintiff's rights.

5. $50,000 Against Defendant (Catlow) for sustaining and coovering up his co-workers wrong-doing with deliberate indifference to plaintiffs rights.

D. Award punitive damages in the following amounts:

1. $50,000 against Defendant (Wall).
2. $20,000 Each against Defendant(s),Gadsden and (Catlow) and (Whitman).
3. $20,000 Each against Defendant(s), (Oden),(Gilerin),(Andrews) and (Rose).

E. Grant such other relief as it may appear that the Plaintiff is entitled.

Respectfully Submitted,

Roberto L. Pizzaro #95509
ACI-Maximum Facility
Post Office Box #8273
Cranston, Rhode Island
02920