UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERTO PIZZARO C.A.NO 05-113 T
VS.
Ashbel T. Wall, Director of the
Department of Corrections
Walter Whitman, Warden Maximum Security
James Vierra, Deputy Warden, Maximum Security
Jake Gadsden, Assistant Director
Robert Catlow, Chief Special Investigations Unit (SIU)
Lieutenant officer Oden
Linda Rose, Investigations Unit (SIU)
Counselor Vicki Gillerin
Officer Andrews

Also
Jane and John Doe, et.al.
Defendants

## CIVIL RIGHTS COMPLAINT

This is a Civil action filed pursuant to 42 U.S.C.A. Section 1983, by the Plaintiff, Mr. ROBERTO PIZZARO, an inmate at the Adult Correctional Institution (ACI), in Cranston, Rhode Island, alleging violations of his Constitutional rights by the named Defendants'. The Plaintiff is seeking Declaratory Judgment, Compensatory and Punitive Damages, and Injunctive Relief. The Plaintiff seeks a trial by jury.

## JURISDICTION

1. This is a Civil Rights Action pursuant to 42 U.S.C.A. Section 1983. This Court has jurisdiction under 28 U.S.C.A. Sections 1331 and Section 1343(3).



4

The Plaintiff also invokes the pending jurisdiction of this Court to decide and hear matters relating to State Law, as well as claims relating to policies and practices of the Rhode Island Department of Corrections.

## PARTIES

1. Plaintiff, Roberto Pizzaro, is an incarcerated inmate at the Adult Correctional Facility in Cranston, Rhode Island. He is presently housed and Classified to the Maximum Security Building.

2. Defendant, Mr. Wall II, is the Director of the (R.I.D.O.C.) Facility located in Cranston, Rhode Island. He is being sued in both an individual and official capacity.

3. Defendant, Mr. Whitman, is the Warden of the (R.I.D.O.C.) Facility Maximum Security located in Cranston, Rhode Island. He is being sued in both an individual and official capacity.

4. Defendant, Mr. Vierra, is the Deputy Warden of the (R.I.D.O.C.) Facility Maximum Security located in Cranston, Rhode Island. He is being sued in both an individual and official capacity.

5. Defendant, Mr. Gadsden, is the Assistant Director of the (R.I. D.O.C.) Facility located in Cranston, Rhode Island. He is being sued in both an individual and official capacity.

6. Defendant, Mr. Catlow, is the Chief of (S.I.U.) at the (R.I.D.O.C.) Facility located in Cranston, Rhode Island. He is being sued in both an individual and official capacity.

7. Defendant, Miss Rose, is an Investigator for (S.I.U.) at the (R.I.D.O.C.) Facility located in Cranston, Rhode Island. She is being sued in both an individual and official capacity.

8. Defendant, Mr. Oden, is a Lieutenant (C/O) at the (R.I. D.O.C.) Facility located in Cranston, Rhode Island. He is being sued in both an individual and official capacity.

9. Defendant, Miss Vicki, is a Counselor at the (R.I.D.O.C.) Facility located in Cranston, Rhode Island. She is being sued in both an individual and official capacity.

10. Defendant, Mr. Andrews, is an Officer (C/O) at the (R.I.D.O. C.) Facility located in Cranston, Rhode Island. He is being sued in both an individual and offical capacity.

11. Defendants, Jane and John Doe, under I-99, are any and all Defendants who at this time are unnamed. Plaintiff reserves the right to name these Defendants at a later date and time. These Defendants will also be sued in their official and individual capacity.

12. All the Defendants have acted, and continue to act under color of State Law, at all times relevant to this complaint.

## FACTS

1. On March 5, 2003, Plaintiff was called to the "Rear hall," also at that time, K-9 Officer and dog searched Plaintiff's cell in search of drugs. Note: "Nothing was found."

2. On March 6, 2003, Plaintiff was called to the "Rear hall," by (S.I.U.) Investigator Linda Rose ("Rose"), placed Plaintiff in "segregation."

3. On March 10, 2003, Lieutenant ("Bert") read Plaintiff a "booking" for ("possessing ecstasy"). Note: Date of infraction ("numerous").

4. On March 11, 2003, Lieutentant ("Oden"), Counselor ("Vicki"), C/O ("Andrews"), and Investigator ("Rose"), gave Plaintiff 30-days segregation, 30-days Loss of good time, and 30-days Loss of visits and downgrade.

5. On April 7, 2003, Plaintiff went to Classification and received 90-days "B-Status."

6. On July 7, 2003, Plaintiff completed "B-Status."

## CLAIMS

1. The actions of Defendants, defined under "Facts" paragraphs (1) thru (6) violated Plaintiff's Fourteenth and Eighth Amendment right to the United States Constitution in having Plaintiff segregated and disciplined for a situation in which, Plaintiff had no knowledge of.

2. The actions of Defendants under "Facts" paragraphs (1) thru (6), violated Plaintiff's Fourteenth Amendment right to fairness in an investigation and fair treatment in a hearing.

## RELIEF REQUESTED

Wherefore, Plaintiff requests that the Court grant the following relief:

A. Issue a Declaratory Judgment stating that:

1. Defendant ("Rose") placing Plaintiff in segregation for something Plaintiff had no knowledg of violated Plaintiff's Fourteenth Amendment right, and was violative of Plaintiff's Eighth Amendment right to the United States Constitution.

2. Defendant's ("Oden"), ("Vicki"), ("Andrews"), and ("Rose") actions in conducting the Disciplinary hearing violated Plaintiff's rights under the Dure Process Clause of the Fourteenth Amendment, and the finding of Plaintiff "guilty," without any evidence, or breaking any rules, constitutes "Cruel and unusual treatment and punishment in violation of Plaintiff's Eighth Amendment rights to the United States Constitution.

3. Defendants ("Oden"), ("Vicki"), ("Andrews"), and ("Rose") taking of Plaintiff's good-time, and the finding of him guilty, created a liberty interest and Defendant Whitman's action sustaining has violated Plaintiff's Fourteenth Amendment right to the United States Constitution.

4. Defendant ("Whitman's") actions in failure to treat the Plaintiff with fairness in his Administrative duties violated Plaintiff's Fourteenth Amendment right and constituted deliberate indifference in violation of Plaintiff's Eighth Amendment right to the United States Constitution.

5. Defendant ("Gadsden's") action in failure to treat the Plaintiff with fairness in his Administrative duties violated Plaintiff's Fourteenth Amendment right and constituted deliberate indifference in violation of Plaintiff's Eighth Amendment right to the United States Constitution.

6. Defendant ("Catlow's") action in failure to treat the Plaintiff with fairness in his Administative duties constituted deliberate indifference in violation of Plaintiff's Eight Amendment right to the United States Constitution.

B. Issue an Injunction ordering ("Whitman") or his agent to:

1. Expunge the Disciplinary infraction from the Plaintiff's file.

2. Immediately arrange for the "restoration" of Plaintiff's good-time, and that which he would have earned.

3. Immediate "restoration" of Plaintiff's "job and lost wages."

4. Issue an Injunction againnst all Defendants' from harrassing the Plaintiff.

C. Award Compensatory damages in the following amounts:

1. $50.000 against Defendant ("Wall"), for the physical and emotional torture to Plaintiff by Defendants.

2. $30.000 jointly and severally against Defendants ("Oden"), ("Vicki"), ("Andrews"), and ("Rose"), for deliberately, violating the Plaintiff's rights with unfairness.

3. $50.000 against Defendant ("Whitman") for sustaining and covering-up his co-workers wrong-doing with deliberate indifference to Plaintiff's rights.

4. $50.000 against Defendant ("Gadsden"), for sustaining and covering-up his co-workers wrong-doing with deliberate indifferance to Plaintiff's rights.

5. $50.000 against Defendant ("Catlow"), for sustaining and covering-up his co-workers wrong-doing with deliberate indifferance to Plaintiff's rights.

D. Award Punitive damages in the following amounts.

1. $50.000 against Defendant ("Wall").

2. $20,000 each, against Defendant(s), ("Gadsden"), and ("Catlow") and ("Whitman").

3. $20,000 each, against Defendant(s), ("Oden"), ("Gillerin"), ("Andrew"), and ("Rose").

E. Grant such other relief as it may appear that the Plaintiff is entitled.

**Repectfully submitted**

Roberto L. Pizzaro Id.No.95509
ACI_Maximum Facility
Post Office Box 8273
Cranston, Rhode Island 02920