UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT PIZZARO

v. C. A. NO. 05-113 T

A. T. WALL, ET AL

DEFENDANTS' A. T. WALL,WALTER WHITMAN, JAMES VIERRA, JAKE GADSDEN, ROBERT CATLOW, LIEUTENANT ODEN, LINDA ROSE, VICKI GILLERIN, AND CORRECTIONAL OFFICER ANDREWS MOTION TO DISMISS

Now come Defendants A. T. Wall, Walter Whitman, James Vierra, Jake Gadsden, Robert Catlow, Lieutenant Oden, Linda Rose, Vicki Gillerin, and Correctional Officer Andrews and hereby move This Honorable Court to dismiss the instant action pursuant to Federal Rule of Civil Procedure 12(b)(6) as and for the reasons proffered in the accompanying Memorandum.

DEFENDANTS,
By Their Attorney,

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, R. I. 02920
Bar No. 3864

7

## CERTIFICATION

The undersigned hereby certifies that on this, the 18th of April, 2005, I mailed a true copy of the within Motion To Dismiss and accompanying Memorandum to Robert Pizzaro, P. O. Box 8273, Cranston, R. I. 02920.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT PIZZARO

v. C. A. NO. 05-113 T

A. T. WALL, ET AL

MEMORANDUM

Plaintiff has filed the instant civil rights complaint pursuant to Title 42, U.S.C. § 1983 against several administrators and correctional officers employed with the Department of Corrections. Plaintiff, who is a Rhode Island penal inmate, is pro se. Plaintiff is seeking compensatory and punitive damages and injunctive relief.

The Plaintiff's complaint alleges that on March 5, 2003, his cell was searched via K-9 for drugs, which proved negative. On March 6, 2003, the complaint alleges that Plaintiff was placed in segregation by Defendant Linda Rose. Plaintiff alleges that on March 10, 2003, a Lt. Bert read a disciplinary report to the Plaintiff for the infraction of possessing Ecstasy and on March 11, 2003, a disciplinary board comprised of Defendants Oden, Gillerin and Andrews found Plaintiff guilty of the infraction imposing thirty (30) days of segregation, thirty (30) days loss of good time, thirty (30) days loss of visits and a downgrade in classification status. Thereafter, the complaint alleges that Plaintiff was re-classified and moved from A status to B status. Plaintiff alleges that he completed B status on July 7, 2003.

Plaintiff alleges that as a result of the actions of the Defendants, his Eighth and Fourteenth Amendment rights under the United States Constitution were violated; that Defendants Whitman, Gadsden and Catlow's failure to treat the Plaintiff with fairness in their administrative duties constituted deliberate indifference in violation of the Plaintiff's

Fourteenth Amendments. Other than naming him as a Defendant, the complaint is completely silent as to any involvement by Defendant Wall.

## **FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

In considering a motion to dismiss under the Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the facts pleaded as true and construe those facts in a light most favorable to the non-moving party. **Scheuer v. Rhodes**, U. S. 232, 236 (1974); **Knight v. Mills**, 836 F.2d 59, 664 (1st. Cir. 1987). The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt from the pleadings that the parties opposing the motion can prove no set of facts, which would support a claim for relief. **Connolly v. Gibson**, 35 U. S. 41, 45-46 (1957); **Melo-tone Vending, Inc. v. United States**, 666 F.2d 687, 688 (1st. Cir. 1981).

On issues where the non-movant bears the ultimate burden of proof, he must present definite, competent evidence to rebut the motion. See id. at 256-257. This evidence "can not be conjectural or problematic; it must have substance in the sense that it limins differing versions of the truth which a fact finder must resolve at an ensuing trial." **Mack v. Great Atl. & Pac. Tea Co.**, 871 F.2d 179, 181 (1st. Cir. 1989). Evidence that is merely colorable or is not significantly probative cannot deter summary judgment. **Anderson**, 477 U. S. at 256-257.

## **EIGHTH AMENDMENT**

The Eighth Amendment to the United States Constitution prohibits "cruel and unusual punishments." U. S. Const. Amend. VIII. Punishment for crime has been held to be cruel and unusual if it is "incompatible with 'the evolving standards of decency that

mark the progress of a maturing society.' " **Estelle v. Gamble**, 429 U. S. 97, 102 (1976) (quoting **Trop v. Dulles**, 356 U. S. 86, 101 (1958)).

It is well established that the prohibition against cruel and unusual punishment requires prison officials to " ' provide humane conditions of confinement' " for inmates. **Giroux v. Somerset County**, 178 F.3d 28, 31 (1st Cir. 1999) (quoting **Farmer v. Brennan**, 511 U. S. 825, 82 (1994)). That requirement includes an obligation to " 'ensure that inmates receive adequate food, clothing, shelter and medical care' " and to "take reasonable measures' " to provide for their safety. Id. (quoting **Farmer**, 511 U. S. at 832 (internal quotation omitted)).

With respect to Defendants Wall (Director of the Rhode Island Department of Corrections),Gadsden (Assistant Director--Institutions/Operations of the Rhode Island Department of Corrections), Catlow (Chief Investigator of the Rhode Island Department of Corrections), and Whitman (Warden, Medium John J. Moran facility of the Rhode Island Department of Corrections), Plaintiff's claims must be dismissed. Claims pursuant to Section 1983 do not impose vicarious liability upon prison officials for every injury that may be sustained by a prisoner. See **Matos v. Davila**, 135 F.3d 182, 192 (1st Cir. 1998). (Supervisory liability under Section 1983 may be based only on supervisor's own acts or omissions). Establishing an Eighth Amendment violation by prison officials based upon conditions of confinement requires proof that the conditions presented "a substantial risk of serious harm," in that the officials had "a sufficiently culpable state of mind" described as "deliberate indifference" to inmate's health and safety." **Farmer v. Brennan**, 511 U. S. 825, 832 (1994).

Plaintiff, in the instant complaint, other than naming Wall, Gadsden, Whitman and Catlow as Defendants fails to make any reference to these Defendants when outlining

his claims of alleged unconstitutional conduct. As outlined above, supervisory liability under Section 1993 must be based on the supervisory Defendant's own actions or omissions, and no liability may exist, where as here, no actions or omissions are even alleged against these Defendants. Accordingly, all claims against Defendants Wall, Gadsden, Whitman and Catlow must be dismissed.

Plaintiff alleges that Defendants Oden, Gillerin, Andrews and Rose violated his Constitutional rights under the Fourteenth Amendment in finding him guilty of possession of drugs and issuing as punishment thirty (30) days of punitive segregation, loss of good time resulting in a downgrade of classification. Plaintiff does not allege that his downgrade in classification resulted in he being transferred to another facility, only that he was transferred from A status to B status. The Rhode Island Supreme Court and the United States Supreme Court have held that there is no constitutional liberty interest in prison discipline proceedings unless those proceedings resulted in an " 'atypical and significant hardship being imposed on the prisoner that would present a dramatic departure from the basic conditions of his or her incarceration.' " **L'Heureux v. State Department of Corrections**, 708 A.2d 549, 552 (R. I. 1998) (citing **Sandin**, 515 U. S. 472, 484-86 (1995). In **Sandin,** the United States Supreme Court found that a prison disciplinary board imposing thirty (30) days of punitive segregation as a result of conduct that violated prison rules was not "an atypical and significant hardship on the prisoner presenting a dramatic departure from the basic conditions of his incarceration." **Sandin** at 485.

Additionally, the Rhode Island Supreme Court has interpreted Rhode Island General Law S 42-56-24 (good time statute) as being discretionary and that the State has not created a liberty interest protected by the Due Process Clause. See **Leach v. Vose**,

689 A.2d 393 (R. I. 1997); **Barber v. Vose**, 682 A.2d 908 (R. I. 1996). The awarding of good time credits is dependent upon good behavior of an inmate and also the consent of the Director, along with a recommendation to the Director by the Assistant Director. See § 42-56-24. The statute is silent of any mandate that a recommendation should be provided or that the Director shall consent in any particular case.

Finally, the Rhode Island Supreme Court clearly indicated that there is no prisoner-inmate liberty interest created in Rhode Island's classification statute (§ 42-56-32), where the Director of the Department of Corrections is given total and exclusive final discretion in the classification and housing of persons committed to his custody. Accordingly, Plaintiff's claim that his rights were violated when being reassigned to B status has no merit and must be dismissed.

Based on the foregoing, Plaintiff can prove no set of facts in support of his claims asserted against all Defendants and accordingly, his complaint must be dismissed.

Respectfully submitted,

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864