UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

ROBERT PIZZARO :

V. : C.A. NO: 05-113T

A.T. WALL, ET AL :

**MOTION TO OBJECT TO DEFENDANT'S A.T. WALL, WALTER WHITMAN, JAMES VIERRA, JAKE GADSDEN, ROBERT CATLOW, LIEUTENANT ODEN, LINDA ROSE, VICKY GILLERIN, AND CORRECTIONAL OFFICER ANDREWS MOTION TO DISMISS**

Now comes the Plaintiff, Robert Pizzaro, and hereby moves this Honorable Court to deny defendant[s] Motion to Dismiss the instant action pursuant to Federal Rule of Civil Procedure 12(b)(6) as and for the reasons proffered in the accompanying memorandum.

Respectfully submitted,

Roberto L Pizzaro

Robert Pizzaro, Pro Se
Post Office Box 8273
Cranston, Rhode Island
02920



14

CERTIFICATION

I the undersigned, hereby certify that on this, the 9 of May, 2005, I mailed a true copy of this within Motion to Object to defendant[s] Motion to Dismiss and accompanying Memorandum to Michael B. Grant, Deputy Chief Legal Counsel Rhode Island Department of Corrections 40 Howard Avenue Cranston, Rhode Island 02920 Bar No. 3864.

Roberto L Pizzaro
SIGNATURE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

ROBERT PIZZARO :

v. : C.A. NO: 05-113T

A.T. WALL, ET AL :

**MEMORANDUM**

Plaintiff has filed the instant civil rights complaint pursuant to **Title 42, U.S.C. 1983** against several administrators and correcional officers employed with the Department of Corrections. Plaintiff, who is a Rhode Island penal inmate, is pro se.

Plaintiff is seeking compensatory and punitive damages and injunctive relief.

The plaintiff's complaint alleges that on March 5, 2003 his cell was searched via K-9 for drugs, which proved negative. On March 6, 2003, the complaint alleges that plaintiff was placed in segregation by defendant, Linda Rose. Plaintiff alleges that on March 10, 2003, a Lieutenant Bert read a disciplinary report to the plaintiff for the infraction of possessing Ecstasy and on March 11, 2003, a Disciplinary Board comprised of Defendant[s] Oden, Gillerin, and Andrews found plaintiff guilty of the infraction imposing thirty (30) days of punitive segregation, thirty (30) days loss of good-time, thirty (30) days loss of visits, and a downgrade

in classification status. Thereafter, the plaintiff was re-classified and moved from A status to B status. Plaintiff alleges that he completed B status on July 7, 2003.

Plaintiff alleges that as a result of the actions of the defendant[s], his right and Fourteenth Amendment Rights under the United States Constitution were violated; that defendant[s] Whitman, Gadsden, and Catlow's failure to treat the plaintiff with fairness in their administrative duties constituted deliberate indifference in violation of the plaintiff's Fourteenth Amendments.

In considering a Motion to Dismiss under the Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the facts pleaded as true and construe those facts in light most favorable to the non-moving party. Schever v. Rhodes, U.S. 232, 236 (1974); Knight v. Mills, 836 F.2d 59, 644 (1st. Cir. 1987).

The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt from the pleadings that the parties apposing the Motion can prove no set of facts, which would support a claim for relief. Connally v. Gibson, 35 U.S. 41, 45-46 (1957); Melo-tone Vending, Inc. v. United States, 666 F.2d 687, 688 (1st Cir. 1981), see Maey v. Mountain States Tel. & Tel., Inc, 54 F.3d 1488, 1496 (10th Cir. 1995). See also Strand v. Diversifield Collection Serv., Inc., 380 F.3d 316 (8th Cir. 2004)(dismissal only when pleading shows, on its fact, "some insuperable bar to relief"); Phonometrics, Inc. v. Hospitality Franchise Sys., Inc., 203 F.3d 790, 794 (Fed. Cir. 2000)(noting that the complaint "contains enough detail to allow the defendant[s] to answer. Rule 12(b)(6) requires no more.").

Under **Rule 12(b)(6)** a claim only will be dismissed if it appears beyond doubt that the pleader can prove no set of facts in support of the claim that would entitle the pleader to relief. **Conley v. Gibson**, 335 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See **Hishon v. King & Spalding**, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

The stated legal theory and specific request for relief are not necessarily dispositive in ruling on a **Rule 12(b)(6)** Motion. See **Williams v. Seniff**, 342 F.3d 774, 792 (7th Cir. 2003); **Barrett v. Tallon**, 30 F.3d 1296, 1299 (1oth Cir. 1994).

The complaint might not need to identify a particular legal theory at all. See **Williams v. Seniff**, 342 F.3d 774, 792 (7th Cir. 2003).

A claim generally will not be dismissed, even though the asserted legal theories are not cognizable or the relief sought is unavailable, so long as other tenable legal claims are evident on the face of the complaint. See **Conley v. Gibson**, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957)("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). See also **Barrett v. Tallon**, 30 F.3d 1296, 1299 (10th Cir. 1994); **Mid America Title Co. v. Kirk**, 991 F.2d 417, 421 (7th Cir. 1993), cert. denied, 510 U.S. 932, 114 S.Ct. 346, 126 L.Ed.2d 310 (1993).

If this pleader is entitled to any type of relief under another possible legal theory it is enough to defeat dismissal. See **Bowers v. Hardwick**, 478 U.S. 186, 106 S.Ct. 2841, 92 L.Ed.2d 140 (1986);

Figueroa v. Rivera, 147 F.3d 77 (1st Cir. 1998); Carparts Distrib. Ctr. v. Automative Wholesaler's Ass'n of New England, Inc., 37 F.3d 12, 17 (1st Cir. 1994)("For purposes of Fed.R.Civ.P. 12(b)(6), the possibility of a claim is enough to defeat dismissal").

In considering a Rule 12(b)(6) Motion the Court will not examine the "believability" of the pleaders claims. See Iacobson v. Hughes Aircraft Co., 105 F.3d 1288, 1292 (9th Cir. 1997), amended on other grounds, 128 F.3d 1305 (9th Cir. 1997), rev'd on other grounds, 525 U.S. 432, 119 S.Ct. 755, 142 L.Ed.2d 881 (1999).

Courts are hesitant to dismiss claims pressing legal theories where the claims could be better examined following development of the facts through discovery, see Baker v. Cuomo, 58 F.3d 814, 818-19 (2nd Cir. 1995).

## EIGHT AMENDMENT

Establishing an Eight Amendment violation by prison officials based upon conditions of confinement requires proof that the conditions presented "a substantial risk of serious harm," in that the officials had "a sufficiently culpable state of mind" described as "deliberate indifference" to inmate's health and safety. See Formen v. Brennan, 511 U.S. 825, 832 (1994).

State-of-mind cases are often unsuitable for 12 (b)(6) dismissal. See Pryor v. National Collegiate Athletic Ass'n, 288 F.3d 548, 565 (3d Cir. 2002)(noting that "involving state-of-mind (e.g., intent) are often unsuitable for a Rule 12 (b)(6) Motion to dismiss").

Accordingly, all claims against defendant[s] Wall, Gadsden,

Whitman, and Catlow must not be dismissed.

Accordingly, all claims against defendant[s] Oden, Gillerin, Andrews, and Rose for violating plaintiff's Constitutional Rights under the Fourteenth Amendment must not be dismissed.

Often, inartful, and rarely composed to the standards expected of practicing attorneys, Pro se pleadings are viewed with considerable liberality and are held to less stringent standards than those expected of pleadings drafted by lawyers. See **Haines v. Kerner**, **404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972); Calhoun v. Hargrove, 312 F.3d 730, 733-34 (5th Cir. 2002); Smith v. Mensinger, 293 F.3d 641, 647 (3d Cir. 2002); Chance v. Armstrong, 143 F.3d 698, 701 (2nd Cir. 1998); Ortez v. Washington County, 88 F.3d 804, 807 (9th Cir. 1996); Antonelli v. Sheahan, 81 F.3d 1422, 1427 (7th Cir. 1996).**

Based on the foregoing, plaintiff can prove all set's of facts in support of his claims asserted against all defendant[s] and accordingly, his complaint must not be dismissed.

**Respectfully submitted,**

Robert L Pizzaro

**Robert Pizzaro, Pro se**
**Post Office Box 8273**
**Cranston, Rhode Island**
**02920**