**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**ROBERTO PIZZARO**

v. **C.A. No. 05 - 113 T**

**A.T. WALL**, Director, Rhode Island Department of Corrections, **WALTER WHITMAN**, Warden, Maximum Security, **JAMES VIERRA**, Deputy Warden, **JAKE GADSEN, ROBERT CATLOW, OFFICER ODEN, LINDA ROSE, VICKI GILLERIN,** and **OFFICER ANDREWS**, et al.

**Report and Recommendation**

Jacob Hagopian, Senior United States Magistrate Judge

Roberto Pizzaro ("plaintiff"), *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 and named as defendants A.T. Wall, Walter Whitman, James Vierra, Jake Gadsen, Robert Catlow, Officer Oden, Linda Rose, Vicki Gillerin, and Officer Andrews (collectively "defendants"), employees or officials at the Rhode Island Department of Corrections. Currently before the Court is the motion of the defendants to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff has objected. This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that the defendants' motion to dismiss be granted.

**Background**

The following are the factual allegations from the complaint which are taken as true for purposes of the instant motion:

Plaintiff is a legally confined inmate at the Rhode Island Department of Corrections

("RIDOC"), Adult Correctional Institutions, Maximum Security Unit. On March 5, 2003, RIDOC personnel searched plaintiff's cell for contraband. Plaintiff alleges that the search was fruitless. Nonetheless, on March 6, 2003, defendant Rose placed the plaintiff in segregation and on March 10, 2003, Lieutenant Bert "booked" the plaintiff for possession of ecstasy. Plaintiff thereafter appeared before a disciplinary board on the charge. The disciplinary board found the plaintiff guilty and sanctioned him, ordering him to spend thirty days in segregation, a thirty days loss of good time credit, and a thirty days loss of visitation privileges. In addition, the prison's classification board downgraded plaintiff's inmate classification to "B" status.

Based upon these facts, plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants infringed the Eighth Amendment's cruel and unusual punishments clause and the Fourteenth Amendment's due process clause. As relief, plaintiff seeks compensatory damages, punitive damages and a restoration of good time credit. Defendants have moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff has objected thereto.

**Discussion**

**A. Rule 12(b)(6) Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of actions which fail to state a claim upon which relief can be granted. In ruling on a motion filed under Rule 12(b)(6), the court must "accept the well pleaded averments of the ***complaint as true, and construe these facts in the light most favorable to the [plaintiff]." Chongris v. Board of Appeals, 811 F.2d 36, 37 (1st Cir. 1987). A Rule 12(b)(6) motion will only be granted when, viewed in this manner, it appears beyond a doubt that the plaintiff can prove no set of facts in support of claim

which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-6 (1957). Under a Rule 12(b)(6) motion, "a reviewing court is obliged neither to credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, nor to honor subjective characterizations, optimistic predictions, or problematic suppositions." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992). Unverifiable conclusions, not supported by the stated facts, deserve no deference. Id. Thus, in ruling on the motion to dismiss, the pertinent inquiry is whether plaintiff's complaint sets forth sufficient factual allegations which, if proven, would support his claims of a deprivation of federal rights.

**B. Eighth Amendment Claim**

Plaintiff first claims that the defendants violated the Eighth Amendment's cruel and unusual punishments clause. The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. Punishment for crime has been held to be cruel and unusual if it is "incompatible with 'the evolving standards of decency that mark the progress of a maturing society.' " Estelle v. Gamble, 429 U.S. 97, 102 (1976)(quoting Trop v. Dulles, 356 U.S. 86, 101 (1958)).

It is well established that the prohibition against cruel and unusual punishments requires prison officials to "provide humane conditions of confinement" for inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994). That requirement includes an obligation to "ensure that inmates receive adequate food, clothing, shelter and medical care" and to "take reasonable measures" to provide for their safety. Id. at 832 (internal quotation omitted).

Establishing an Eighth Amendment violation by prison officials based upon conditions of confinement requires proof that the conditions presented a "substantial risk of serious harm" and that

the official has "a sufficiently culpable state of mind described as deliberate indifference to inmate health or safety." Giroux v. Somerset County, 178 F.3d 28, 31 (1st Cir. 1999).

In order to demonstrate deliberate indifference, it must be shown that the prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. It requires evidence that the official has "an actual subjective appreciation of the risk [that] has been likened to the standard for determining criminal recklessness." Giroux, 178 F.3d at 32. Moreover, even where such risk is known, a prison official cannot be deliberately indifferent if he takes reasonable steps to avoid the harm. Farmer, 511 U.S. at 843.("[P]rison officials who actually know of a substantial risk to inmate health or safety may be found free from liability if they respond reasonably to he risk, even if the harm was ultimately not averted.").

Here, plaintiff failed to alleged any facts from which it could be inferred that he suffered from a "substantial risk of harm" or any facts which it could be inferred that any defendant was "deliberately indifferent" to the plaintiff's health or safety. No facts alleged in the plaintiff's complaint indicate any sort of Eighth Amendment violation. Accordingly, defendants' motion to dismiss for a failure to state a claim should be granted on plaintiff's Eighth Amendment claim. I so recommend.

**C. Fourteenth Amendment Claims**

Next, plaintiff complains that the defendants violated that due process clause of the Fourteenth Amendment, asserting that he was wrongly placed in segregation for thirty days, had restricted visitation privileges, and had a downgrade in his classification. Thus, plaintiff claims that the defendants interfered with a "liberty" interest protected by the due process clause.

In order to implicate a liberty interest under the due process clause, a legally incarcerated individual, such as the plaintiff, must allege facts from which it could be inferred that the deprivation complained of was "atypical" and "significant" in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472, 486 (1995). Here, plaintiff's allegations fall short. Plaintiff alleges that the defendants confined him in segregation for thirty days, downgraded his prison classification, and restricted his visitation privileges. Such restrictions are not "atypical" and "significant" which would implicate a "liberty" interest protected by the due process clause. See id.; see also Meachum v. Fano, 427 U.S. 215, 227 (1976)(prisoners have no constitutional right to be placed in any particular prison classification).

Accordingly, since the facts asserted fail to allege an infringement of a "liberty" interest protected by the due process clause, the defendants' motion to dismiss plaintiff's Fourteenth Amendment claims should be granted. I so recommend.

**D. Loss of Good Time Credit**

Finally, plaintiff complains of a loss of good time credit and seeks a restoration of that lost credit. However, "a state prisoner's Section 1983 action is barred ... if success of that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 125 S.Ct. 1242 (2005). In order to challenge the duration of his physical imprisonment, plaintiff's sole federal remedy lies in a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Plaintiff may not seeks a restoration of good time credit in the instant § 1983 action.

**Conclusion**

For the reasons set forth above, I recommend that the defendants' motion to dismiss be granted. Any objection to this Report and Recommendation must be specific and must be filed with

the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); Local Rule 32. Failure to file timely, specific objections to the report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986)(per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
October 3, 2005