UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

Roberto Pizzaro, Pro-se

v. C.A. No. 05-113 T

A.T. Wall, Director, Rhode Island
Department of Corrections
Walter Whitman, Warden,
James Vierra, Deputy Warden,
Maximum Security
Jake Gadsen, Robert Catlow, Linda Rose,
Officer Oden, Viki Guillerin,
Officer Andrews, Etal.

## Plaintiff's Objection to the Magistrate Justice's Report and Recommendation

### Objection to Rule 12(b)(6) Motion for Dismissal by Magistrate Justice Hagopian

The Plaintiff hopes to show the Magistrate Presiding that his case has Merit, and that there is some confusion on what is meant by the Plaintiff's assertions, and the understanding by the Justice Magistrate. All discussions forthwith shall be in regards to the Justice Magistrate's Report and Recommendation dated October 3rd 2005.

In Re: Discussion, A. Rule 12(b)(6).

".....Thus in ruling on the Motion to Dismiss, the pertinent inquiry is whether plaintiff's complaint sets forth sufficient factual allegations which, if proven, would support his claims of a deprivation of Federal Rights."

The Plaintiff has asserted his factual claims against the defendants, as stated in his original Complaint filed with this court. The Defendants violated his 8th, and 14th Amendment Rights, which are protected by the United States Constitution.

The depravation of these Rights were inherent in the actions taken by the defendants toward the Plaintiff. The defense did not dispute any of the facts presented by the Plaintiff, in either his original Complaint, or his Objection to the Rule 12(b)(6) Motion to Dismiss presented by the defense. As a matter of fact, there were apparently sufficient Facts presented in this case, to this court, to have the Plaintiff's case heard in this venue. There is certainly a definite question as to the defendants Deliberate Indifference to the Plaintiff's citing of Civil Rights Violations against him, and not affording him his Right to Due Process.

In Re: Eight Amendment Claim

Cited; ....." Punishment for crime has been held to be Cruel and Unusual if it is "incompatible with the evolving standards of decency that mark the progress of a maturing society."
Estelle V. Gamble, 429 US 97,102(1976), (quoting Trop V. Dulles 356 US 86,101(1958)

The Plaintiff states that as a society and a Nation of many Races, religions, and Beliefs, the times that we now live in require the progress of how people are treated, whatever their station in life, with decency and humane treatment in a fair and consistent manner. The defendants antiquated ways of dealing with "alledged" infractions against the Department of Corrections and it's employees, is not consistent in any way shape of form. The Policies promulgated by the Director, and his subordinates are very old, possibly over 100 (one hundred) years old, with occasional revisions to the Policies terms. This is not "progression", this is stagnation, with periocic updates. The defendants, the Administration, and the Brotherhood of Correctional Officers, are human, and with being human, they possess all of the negative traits possessed by all of society. They are not above jealousy, hatred, fear, paranoia, bigotry, prejudice or any number of inherent traits of man. The only difference between the Plaintiff and the defendants is that the defendant's have the POWER to punish a convict for a perceived slight, with no repercussions for their actions, with most uneducated convicts not knowing how to protect themselves, nor are they above "alledging" untrue facts to punish a person for sticking up for their beliefs, or the inhumane, often foul mouthed references to their families, spouses, or places of residence. These problems are rampant within this Correctional System, and when a person challenges the way he is treated, he usually is found to have violated some rule, even if he has not done anything.

In Re: Fourteenth Amendment Claims

"......must allege facts from which it could inferred that the deprivation complained of was "atypical" and "significant" in relation to ordinary incidents of prison life." What has not been recognized is that segregation is not a "ordinary" part of prison life. The fact that every person on this planet handles isolation in different ways, it is both a dangerous and cruel practice to allow administrators to place an "alleged" rule violator in segregation, without affording Due Process without review of an independent board. The Boards that are held are biased to the side of the Department of Corrections, and even if there is some question as to the innocence of the accused, he will still go to segregation until he sees a "biased board". Therein is the "Liberty Interest" of the prison yard. Segregation must not, and cannot be deemed a "classification", because what restraints are there against defendant's and their minions, to "classify" a person to segregation for the "term" of their sentence? Therein another "Liberty Interest" is created. The "infringement occurs when, without valid grounds or adjudication, the defendant's are allowed to punish with impunity or oversight, thereby halting the limited "Liberty Interest" held by any convict. This, in concert with the citation of the Magistrate Justice's proposed dismissal of the Eight Amendment Claim, (Estelle V. Gamble, 429 US 97,102,) "....incompatible with the evolving standards of decency that mark to progress of a maturing society.", point to how stagnant the Policies and Procedures used by the Department of Corrections and it's Administration, have become.

In Re: Loss of Goodtime Credit.

The Plaintiff has complained about the loss of goodtime, which in itself, is a state created "Liberty Interest", in that the State grants goodtime for good behavior, and then takes it away, if there has been an infraction committed. The defendant's, at the time of the discipline board would not produce the supposed "ecstasy" that was allegedly found. I'm sure that if they were to look, they would "find" another "ecstasy" pill, or in whatever form the Plaintiff was allegedly in possession of. This "liberty Interest" created by the state's adoption of a parole policy, creates a expectation of "hope", that any convict/inmate, will be released sooner from incarceration for whatever crime that they have committed. The loss of goodtime is a serious thing to most inmates/convicts, because their expectation of release on an earlier date, is why they practice restraint in the first place.

Accrued goodtime is the only way a inmate/convict can have his or her time to serve reduced , in any significant measure. A perceived infraction by the defendant's and their employees, is wholly and totally discriminatory by them. A inmate/convict has no other recourse but to bring suit against the Department of Corrections, because the Policies are made by the Director and his assistants, with no one watching the watcher. An inmate/convict can be falsely accused, with no other recourse than to serve the segregation time, and the loss of goodtime. Criminals per se, are looked at with distain, whereas the Department of Corrections for the State of Rhode Island looks at a criminal as a sub-human. The Officers employed by the Department of Corrections, although not all, but a majority of them, perceive an inmate/convict as someone to bully. What can someone in this position do? fight back?, Not a good idea, because of the laws to protect specifically correctional officers. An inmate has no recourse at all. His Honor alludes to "compatibility with the evolving standards of decency that mark the progress of a maturing society.", is not it the goal of a progressive society to try to rehabilitate a criminal? How can this be so, when so many are constantly charged with infractions that they have not done, ergo, the longer prison stay, the less they become rehabilitated, the more money for the Department of Corrections, the greater the recidivism. The Plaintiff asserts that if he were not falsely charged with an infraction, there would be no loss of goodtime, and no loss of the state created "Liberty Interest".

Wherefore, the Plaintiff responds to the Report and Recommendation of the Justice Magistrate with the above answers and questions, so that this recommendation shall be reviewed and the Plaintiff's case allowed to proceed to it's inevitable conclusion. The Plaintiff reserves his Right to Appeal to the Magistrate Justice's Report and Recommendation, so that in the interest of Justice, he may again present his case to a Higher Authority.

Respectfully Submitted,

Roberto E Pizzaro

Roberto Pizzaro, Pro-se
P.O. Box 8274
Cranston, Rhode Island 02920

I hereby certify that on the 11 th day of October 2005, I sent to the Office of Legal Counsel for the Rhode Island Dept. of Corrections a true copy of the Motion to Object Recommendation and Report, Rule 12(b)(6), to the Chief Legal Counsel, Michael Grant.

Roberto Pizzaro