UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT PIZZARO

v. C. A. NO. 05-113 T

A. T. WALL, ET AL

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION ENTERED ON OCTOBER 3, 2005**

Now come the Defendants in the above-entitled matter and hereby respond to the Plaintiff's objection to the Report and Recommendation issued on October 3, 2005 by The Honorable Senior United States Magistrate Judge Jacob Hagopian.

DEFENDANTS,
By Their Attorney,

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920

CERTIFICATION

The undersigned hereby certifies that on this, the 21st day of October, 2005, I mailed a true copy of the within Defendants' Response to Plaintiff's Objection to Report and Recommendation entered on October 3, 2005 and accompanying Memorandum to Robert Pizzaro, P. O. Box 8274, Cranston, R. I. 02920.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT PIZZARO

v. C. A. NO. 05-113 T

A. T. WALL, ET AL

MEMORANDUM

Plaintiff's complaint alleges that he is a Rhode Island penal inmate, who was subject to a cell search for contraband in March, 2003. Although it is alleged that the search was fruitless, nevertheless Plaintiff was booked for possession of a drug, known as Ecstasy. Plaintiff was found guilty before a disciplinary board and ordered to spend thirty (30) days in segregation, thirty (30) days loss of good time and visitation privileges. Plaintiff also alleges that the Classification Board downgraded him to "B" status.

Plaintiff has filed the instant action pursuant to 42 U.S.C. § 1983 alleging that the Defendants violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, as well as restoration of good time credits. Defendants filed a motion to dismiss the instant action pursuant to the Federal Rule of Civil Procedure 12(b)(6). On October 3, 2005, Senior United States Magistrate Judge Jacob Hagopian recommended to this Court that the complaint be dismissed. For the following reasons, United States Magistrate Judge Jacob Hagopian was correct in recommending dismissal.

**EIGHTH AMENDMENT CLAIM**

Plaintiff alleges that the Defendants' actions amounted to cruel and unusual punishment in violation of the Eighth Amendment. The Eighth Amendment requires prison officials to "provide humane conditions in confinement" for inmates. **Farmer v.**

**Brennan**, 511 U. S. 825, 832 (1994). As United States Magistrate Judge Jacob Hagopian indicates, the Eighth Amendment "includes an obligation to 'ensure that inmates receive adequate food, clothing, shelter and medical care' and to 'take reasonable measures' to provide for their safety." Report and Recommendation P. 3, Id. at 832. Plaintiff is required to show proof that certain unlawful conditions presented "a substantial risk of serious harm" and that the official has "a sufficiently culpable state of mind described as deliberate indifference to inmates' health and safety. **Giroux v. Somerset County**, 178 F. 3d. 28-31 (1st. Cir. 1999). United States Magistrate Judge Jacob Hagopian correctly found that the complaint was absolutely devoid of any allegation to even infer that any Defendant was deliberately indifferent to the Plaintiff's health or safety. See Report and Recommendation, P. 4. Accordingly, said Recommendation should be accepted by this Court.

**FOURTEENTH AMENDMENT CLAIM**

Plaintiff alleges a violation of his Fourteenth Amendment rights based on he being wrongfully placed in segregation for thirty (30) days, his visitation privileges restricted, and as a result of he being downgraded in his classification. Plaintiff, to sustain his burden in showing a Fourteenth Amendment violation must allege facts from which it could be inferred that the deprivation complained of was "atypical and significant" in relation to the ordinary incidents of prison life. **Sandin v. Connor**, 515 U. S. 472, 486 (1995). As a matter of law, thirty (30) days of segregation, a classification downgrade and restricted visitation privileges do not amount to atypical and significant hardship implicating a liberty interest protected by the Due Process Clause, as was

correctly recommended by United States Magistrate Judge Hagopian. See id..; **Meachum v. Fano**, 427 U. S. 215, 227 (1976).

## LOSS OF GOOD TIME CREDIT

United States Magistrate Judge Hagopian correctly indicates that the instant Section 1983 action is barred in that the success of this action would involve the duration of the Plaintiff's confinement. Report and Recommendation P. 5; **Wilkinson v. Dotson**, 125 S. Ct. 1242 (2005). Plaintiff's sole remedy accordingly lies in a writ of habeas corpus. **Preiser v. Rodriguez**, 411 U. S. 475, 500 (1973).

For all reasons stated above, Defendants urge this Honorable Court to accept the Report and Recommendation issued by Senior United States Magistrate Judge Jacob Hagopian on October 3, 2005.

Respectfully submitted,

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, R. I. 02920
Bar No. 3864